UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
In Re: HSBC BANK, USA, N.A., Debit Card       **MEMORANDUM OF**
Overdraft Fee Litigation                                       **DECISION AND ORDER**
                                                                          13-md-2451(ADS)(AKT)

----------------------------------------------------------X

**APPEARANCES:**

**Cuneo, Gilbert & LaDuca LLP**
*Co-Interim Class Counsel*
507 C Street, Ne
Washington, DC 20002
    By: Jonathan W. Cuneo, Esq.
       Sandra W. Cuneo, Esq., Of Counsel

**Cotchett Pitre & McCarthy, LLP**
*Co-Interim Class Counsel*
840 Malcolm Road
Burlingame, CA 94010
    By: Nancy L. Fineman, Esq.
       Aron K. Liang, Esq., Of Counsel

**Rigrodsky & Long, P.A.**
*Co-Interim Class Counsel*
825 East Gate Blvd
Suite 300
Garden City, NY 11530
    By: Seth Rigrodsky, Esq.
       Timothy J. MacFall, Esq., Of Counsel

**Cohen Law Group, P.C.**
*Co-Interim Class Counsel*
10 East 40th Street, 46th Floor
New York, NY 10016
    By: Brian S. Cohen, Esq.,
       Clifford J. Bond, Esq., Of Counsel

**Stroock & Stroock & Lavan LLP**
*Attorneys for the Defendants*
180 Maiden Lane
New York, NY 10038
    By: Joseph E. Strauss, Esq.
       Julia B Strickland, Esq.

    Wesley M. Griffith, Esq.
    Lisa M. Simonetti, Esq., Of Counsel

**Turk & Davidoff PLLC**
*Proposed Amici*
250 W 57th St, 1218
New York, NY 10107
  By: Adam S. Turk, Esq., Of Counsel

**Himmelstein Law Network**
*Proposed Amici*
2000 Powell St
Suite 1605
Emeryville, CA 94608
  By: Barry Himmelstein, Esq., Of Counsel

**SPATT, District Judge**.

  This litigation encompasses allegations relating to the imposition of overdraft charges on certain debit card transactions by HSBC Bank USA, N.A. ("HSBC"). Specifically, the Plaintiffs allege that HSBC provides debit cards and/or ATM cards to its checking account customers. If there are insufficient funds for a given debit card transaction, it is considered an "overdraft." HSBC may allow such transactions for a given debit card transaction to proceed, but the account is charged an "overdraft fee" of $35. The Plaintiffs allege that, in order to maximize revenue from overdraft fees, HSBC posts debits to customer accounts in a non-chronological order and/or "largest to smallest" order, causing customers to incur multiple overdraft fees that would not have been imposed had the transactions been posted chronologically or in a "smallest to largest" order. The Plaintiffs also allege that HSBC fails to clearly disclose the posting order to its customers; does not advise them that they may opt out of HSBC's overdraft program; and fails to post deposited funds to their accounts in a timely manner, resulting in additional overdraft fees.

  Three putative class actions, <u>Ofra Levin et al. v. HSBC Bank USA, N.A. et al.</u>, E.D.N.Y.

2

12-CV-5696 (ADS); Darek Jura v. HSBC Bank USA, N.A. et al., E.D.N.Y. 12-CV-6224 (ADS); and Hanes v. HSBC Bank USA, N.A., E.D. Va. 13-CV-00229 were filed against HSBC in federal court.

On June 5, 2013, the Judicial Panel on Multidistrict Litigation ("MDL") centralized all three actions and assigned them to this Court. On July 22, 2013, this Court (1) consolidated the three actions for all pretrial purposes; (2) appointed co-interim class counsel; and (3) directed co-interim class counsel to file a consolidated class action complaint within thirty days of the date of that order. In particular, the Court appointed the law firms of Rigrodsky & Long, P.A., Cohen Law Group P.C., Cuneo Gilbert & LaDuca, LLP and Cotchett, Pitre & McCarthy, LLP as co-interim class counsel. The Court declined to appoint as co-interim class counsel Turk & Davidoff PLLC and the Himmelstein Law Network, attorneys for the plaintiffs in the Levin matter, Ofra Levin, 33 Seminary LLC, Binghousing Inc., and Rock View Ventures LL (the "Levin Plaintiffs").

On September 30, 2013, the amended consolidated class action complaint was filed. On November 1, 2013, the Defendants moved, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), to dismiss the amended consolidated class action complaint.

On March 5, 2014, the Court granted in part and denied in part HSBC's motion to dismiss. Of relevance here, the Court dismissed the Plaintiffs' breach of contract claims and New York General Business Law Section 349 claim.

On March 12, 2014, without notice to or authorization from co-interim class counsel, the former Levin Plaintiffs filed a document on the MDL docket styled as a "motion for reconsideration" of the March 5, 2014 order to the extent it dismissed the breach of contract claims.

On March 17, 2014, the Plaintiffs in the amended consolidated class actions, Jura and Hanes (the "Plaintiffs"), represented by co-interim class counsel, filed a motion for reconsideration of the March 5, 2014 order. Co-interim class counsel asks the Court to (1) reconsider its rulings on and reinstate Plaintiffs' breach of contract claim and their claim under New York General Business Law § 349; and (2) modify that order to state that the Plaintiff Hanes is a resident of California rather than New York.

Also, on March 17, 2014, co-interim class counsel cross-moved to strike the motion for "reconsideration" filed by the Levin Plaintiffs as procedurally improper.

On March 31, 2014, HSBC opposed both motions for reconsideration and further ask this Court to strike the motion by the Levin Plaintiffs.

## I. DISCUSSION

A. As to the Motion to Strike

Ultimately, "[w]hether to grant or deny a motion to strike is vested in the trial court's sound discretion." Pharmacy, Inc. v. Amer. Pharm. Partners, Inc., No. 05–CV–776 (DRH)(AKT), 2007 WL 2728898, at *1 (E.D.N.Y. Sept. 14, 2007).

Before the Court considers co-interim class counsel's motion to strike the motion to "reconsider" filed by the Levin Plaintiffs, the Court finds it necessary to clarify the status of the Levin Plaintiffs in these consolidated class actions.

In the July 22, 2013 order, the Court consolidated the Levin, Jura, and Hanes actions for "pretrial purposes." However, by denying Jura's motion "to the extent Jura s[ought to] have all future filings filed under his index number," the Court made clear that the cases would continue to exist as separate actions. The Court further ordered that:

> (a) documents relating to all actions should be filed on the MDL docket sheet and on the docket sheet of each individual action; (b)

> documents relating to two or more, but not all, individual actions
> should be filed on the MDL docket sheet, and on the docket sheet
> of each affected individual action; and (c) documents affecting a
> single individual action should be posted on the docket sheet of
> that action, and on the MDL docket sheet . . . .

When the consolidated class action complaint was filed, only Jura and Hanes, not the Levin Plaintiffs, were included as named plaintiffs. Therefore, the Levin Plaintiffs, although they may ultimately qualify for and opt-in to the New York-based class action in <u>Jura</u>, are not parties to these consolidated class actions. Rather, properly viewed, the <u>Levin</u> action, like the <u>Jura</u> and <u>Hanes</u> actions, remains separately pending before the Court, and remains consolidated for pre-trial purposes with the <u>Jura</u> and <u>Hanes</u> actions.

As a result of confusion about the status of the <u>Levin</u> action after the Levin Plaintiffs were not included as named plaintiffs in the consolidated class action complaint, many of the items docketed in the Levin docket should not have been so filed because they do not relate to the consolidated class actions. Accordingly, the Clerk of the Court is directed to remove from the Levin docket entries nos. 108, 110, 111, 112, 117, 118, 121, 122, 124, 126, 128, 130, 133, 134, 135, 136, 138, 139, 140, 141, 142, 144, 145, 146, 147, 148, 149, 150, and 152.

Further, as the Levin Plaintiffs are not parties to the consolidated class actions, the Court finds that they may not file motions seeking affirmative relief therein. Therefore, the Court grants the Plaintiffs motion to strike to the extent the Levin Plaintiffs seek "reconsideration" of the March 5, 2014 order.

It is true that the Federal Judicial Center's model order appointing interim class counsel expressly provides that:

> Counsel for plaintiffs who disagree with lead counsel (or those
> acting on behalf of lead counsel) or who have individual or

5

> divergent positions may present written and oral arguments,
> conduct examinations of deponents, and otherwise act separately
> on behalf of their clients as appropriate, provided that in doing so
> they do not repeat arguments, questions, or actions of lead counsel.

Federal Judicial Center, Manual for Complex Litigation, Fourth § 40.22 (2004) ("MCL4th") (Sample Order, Responsibilities of Designated Counsel). However, it is not clear that adopting this model language would be appropriate where, as here, the Levin Plaintiffs are not named plaintiffs in the consolidated class actions.

If the Levin Plaintiffs, as non-parties to the consolidated class actions, desired to be heard with respect to the class-wide breach of contract claims, they should have formally moved for leave to file an amicus brief. Although not framed as such, given (1) the Levin Plaintiffs' prior association with this case and (2) their instructive insights surrounding the putative class-wide breach of contract claims, the Court will treat the motion by Levin Plaintiffs as a motion to submit an amicus brief, and grant that motion. Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc., 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008)("District Courts have broad discretion in deciding whether to accept *amicus* briefs.")(citation and quotation marks omitted). That said, where possible, the Court encourages interim class counsel and counsel for the Levin Plaintiffs to coordinate future pre-trial efforts so as to avoid needless motion practice and promote judicial economy.

In sum, the Court grants the motion to strike to the extent the Levin Plaintiffs seek "reconsideration" of the March 5, 2014 order. However, the Court otherwise treats the Levin Plaintiffs' motion as one for leave to file an amicus brief, and grants that request.

B.  Motion for Reconsideration

Under narrow circumstances, Local Civil Rule 6.3 permits a court to reconsider a final judgment or order. See E.D. & S.D.N.Y. Civ. R. 6.3.  The standard for granting reconsideration is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion will be denied unless the movant can identify "controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. (citations omitted); see E.D. & S.D.N.Y. Civ. R. 6.3 (requiring moving party to "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked").  A motion for reconsideration is committed to the sound discretion of the district court. Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009).

C.  As to the New York General Business Law § 349 Claims

"Actions brought pursuant to Section 349 must be commenced within three years of the date of accrual." Statler v. Dell, Inc., 775 F. Supp. 2d 474, 484 (E.D.N.Y. 2011). In this case, HSBC allegedly imposed improper overdraft fees upon Jura in August 2008, more than three years prior to the filing of the amended consolidated class action complaint, on September 30, 2013.  Accordingly, in the March 5, 2014 order, this Court dismissed, without prejudice, as time-barred, Jura's claim General Business Law § 349.

The Plaintiff now contends that Jura's Section 349 claims are timely under CPLR § 205(a), which provides

> (a)  New action by plaintiff.  If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or

occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

As has been recognized, "[t]he restorative provisions of CPLR 205(a) . . . reflect [ ] the idea that a diligent litigant who commenced a timely action but who failed on some generally technical ground, deserves an adjudication on the merits." Matter of Winston v. Freshwater Wetlands Appeals Board, 224 A.D.2d 160, 164, 646 N.Y.S.2d 565 (2d Dep't 1996). "The statute has been described in a number of ways, all attesting to its redemptive character, designed to prevent claims from being irreversibly extinguished following technical-type dismissals." Id. n. 2

On March 1, 2011, class claims under General Business Law § 349 in connection with HSBC's allegedly improper imposition of overdraft fees were asserted in Levin v. HSBC Bank USA, N.A., Index No. 650562/2011 (Sup. Ct. N.Y. County)(the "State Action"). While a potential member of putative class, Jura was not initially named as a plaintiff in the State Action. Indeed, the Plaintiff was not added as a named plaintiff in the State Action until August 27, 2012.

On December 18, 2012, Jura filed a complaint in this Court asserting, among other claims, a General Business Law § 349 cause of action. On August 9, 2013, Jura moved to voluntarily discontinue his claims in the State Action pursuant to CPLR § 3217(b). On August 22, 2013, the state court granted Jura's motion and ordered that his claims in the State Action be "voluntarily discontinue[d] without prejudice pursuant to CPLR 3217(b)."

In opposing the previous motion to dismiss, Jura contended that his Section 349 claim was not time-barred because he asserted that claim in this action within six months

8

of the discontinuance of his claims in the State Action. Therefore, Jura asserted, his claim was subject to the tolling provisions of New York CPLR § 205(a).

In the March 5, 2014 order, this Court rejected that argument, reasoning that Jura had in fact voluntarily dismissed his state law claims and that therefore Section 205(a) was inapplicable. Interim Class Counsel now asserts that although Jura "voluntarily discontinu[ed]" his claims, Section 205(a) excludes only those claims that are discontinued without an order of the court, such as discontinuance on notice under CPLR 3217(a).

However, before addressing that argument, the Court considers HSBC's contention that Jura cannot invoke Section 205(a) because his Section 349 claim in the State Action was itself not "timely commenced." The Court disagrees.

In American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974), involving a putative class-action antitrust suit, the district court ruled that the suit could not be maintained as a class action because plaintiffs failed to satisfy the Rule 23 "numerosity" requirement. Several putative class members then filed motions to intervene, but the district court denied those motions because the applicable statute of limitations had run while the class litigation was pending. See id. at 543–44, 94 S. Ct. 756. The Supreme Court affirmed the reversal of that decision. It held that "the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Id. at 554, 94 S. Ct. 756.

9

"To be sure, American Pipe did not itself announce a tolling rule applicable to state law claims." Matana v. Merkin, 957 F. Supp. 2d 473, 488 (S.D.N.Y. 2013), reconsideration denied in part, 13 CIV. 1534 (PAE), 2013 WL 4010280 (S.D.N.Y. Aug. 6, 2013). Where the timeliness of state law claims is at issue, a federal court "must look to the law of the relevant state to determine whether, and to what extent, the statute of limitations should be tolled by the filing of a putative class action in another jurisdiction." Casey v. Merck, 653 F.3d 95, 100 (2d Cir. 2011); accord Vincent v. The Money Store, 915 F. Supp. 2d 553, 561 (S.D.N.Y. 2013) ("The plaintiffs must look to any state analogue to American Pipe tolling rather than American Pipe itself."). "New York courts have . . . long embraced the principles of American Pipe." Cullen v. Margiotta, 811 F.2d 698, 719 (2d Cir. 1987) (collecting cases); accord Paru v. Am. Life Ins. Co., 52 A.D.3d 346, 348, 863 N.Y.S.2d 151 (1st Dep't 2008); Sapirstein–Stone–Weiss Found. v. Merkin, 950 F. Supp. 2d 621, 625, No. 13 Civ. 415 (VM), 2013 WL 2495141, at *3 (S.D.N.Y. June 11, 2013).

Accordingly, the Court finds that the filing of the Section 349 claim in the State Action on March 1, 2011, less than three years after Jura's disputed overdrafts, tolled the statute of limitations until certification of that class. In other words, the Court finds that the Section 349 claim was "timely commenced" for purposes of Section 205(a).

The Court now turns to Jura's argument on reconsideration that where, as here, a prior action is discontinued without prejudice pursuant to court order under CPLR § 3217(b), the saving provisions of Section 205(a) apply. Indeed, "CPLR 3217 (b), has been interpreted as affording plaintiffs an opportunity to take advantage of the saving provisions of CPLR 205 (a), whereas a discontinuance without court order pursuant to

CPLR 3217 (a) does not." Censor v. Mead Reinsurance Corp., 176 A.D.2d 600, 601, 575 N.Y.S.2d 285 (1st Dep't 1991), citing Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:13.

In Censor, the court reviewed the federal analog to CPLR § 3217(b) – Fed. R. Civ. P. 41(a)(2) – and determined that, like CPLR § 3217(b), a federal court-ordered dismissal under that rule did not fall within the exclusionary provision of CPLR § 205(a). 176 A.D.2d 600, 601, 575 N.Y.S.2d 285; see also Extebank v. Finkelstein, 188 A.D.2d 513, 591 N.Y.S.2d 434 (2d Dept. 1992)(Rule 41(a](2) dismissal "was not equivalent to a voluntary discontinuance under CPLR 205(a)").

To be sure, the plain language of Section 205(a) draws no distinction between voluntary discontinuances and court-ordered dismissals. However, in George v. Mt. Sinai Hosp., 47 N.Y.2d 170, 180, 47 N.Y.S. 2d 231, 390 N.E.2d 1156 (1979), the New York Court of Appeals explained:

> [T]he function of the CPLR subdivision is to ameliorate the potentially harsh effect of the Statute of Limitations in certain cases in which at least one of the fundamental purposes of the Statute of Limitations has in fact been served and the defendant has been given timely notice of the claim being asserted by or on behalf of the injured party. The statute is a remedial one, and as Judge Cardozo has explained, "[its] broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts."

Id. at 180, quoting Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, 596 (1915)). "The very function of that subdivision is to provide a second opportunity to the claimant who has failed the first time around because of some error pertaining neither to the claimant's willingness to prosecute in a timely fashion nor to the merits of the underlying claim." George, 47 N.Y.2d at 178-79, 417 N.Y.S.2d 231, 390 N.E.2d 1156.

11

Following this approach, New York courts have accorded Section 205(a) a broad application to toll prior timely actions terminated by voluntary dismissals stipulated to between the parties, Matter of Walter, 29 A.D.3d 598, 599, 814 N.Y.S.2d 685 (2d Dep't 2006) ("At the time of the discontinuance of the prior federal action, the parties sufficiently expressed their intent that the discontinuance was not on the merits, that it was without prejudice, and that consequently, the commencement of a new action within six months pursuant to CPLR 205 (a) was permitted"); Bailey v. Brookdale Univ. Hosp. & Med. Ctr., 292 A.D.2d 328, 329 (2d Dep't 2002) ("The parties terminated the first action brought by the plaintiffs by execution of a stipulation of discontinuance which stated that the action was discontinued 'without prejudice.' . . . [T]his was a sufficiently-expressed statement of intent to commence a new action pursuant to CPLR 205; specific reference to that statute was unnecessary.")(citation omitted); cf. George, 47 N.Y.2d at 180, 417 N.Y.S.2d 231, 390 N.E.2d 1156 ("where the prior action has been terminated by means of a voluntary discontinuance pursuant to a stipulation which contains no express statement of contrary intent, the statute simply does not authorize a subsequent action, regardless of the actual motives of the parties.")

However, none of these cases limit the applicability of CPLR 205(a) to stipulated voluntary discontinuances versus court-ordered dismissals. In fact, there is "some support" for the contention, advanced by Jura, that "dismissals, without prejudice, evince an intent on the part of the trial judge 'to preserve whatever right plaintiff had to pursue his remedy further[,'] thus cloaking the claims under the protection of Section 205." Copeland v. Rosen, 208 F.R.D. 507, 514 (S.D.N.Y. 2002), citing Izquierdo v. Cities Service Oil Co., 47 Misc. 2d 1087, 264 N.Y.S.2d 58, 62 (N.Y. Sup. Ct. 1965) (holding

that previous dismissal by federal court without prejudice based on plaintiff's failure to comply with discovery orders allowed protection of Section 205 for subsequent filing in state court) and Dyer v. Cahan, 150 A.D.2d 172, 540 N.Y.S.2d 785, 786 (1st Dep't 1989) (where prior wrongful death action was dismissed without prejudice for lack of diversity jurisdiction, neglect to prosecute, and failure to comply with scheduling order, extension available "in light of broad purpose for which CPLR 205(a) was intended . . .").

Consistent with this case law, the state court dismissal of Jura's claims without prejudice and pursuant to CPLR 3217(b) sufficiently expressed that court's intent that Jura be permitted, under Section 205(a), to file another action asserting his New York State claims notwithstanding any statutes of limitation.

The Court emphasizes that HSBC had timely notice of the Section 349 claims, first asserted in March 2011. Thus, HSBC cannot be heard to complain about lack of notice or prejudice in having to defend against this claim brought by Jura.

Accordingly, the Court reinstates Jura's Section 349 claim against HSBC.

D. As to the Breach of Contract Claims

In paragraph 38 of the amended consolidated class action complaint, under the heading "HSBC Breaches its Contracts with Customers," the Plaintiffs noted that the Debit Card Agreement, which governs the use of the Plaintiffs' debit cards, provides:

> You acknowledge that all Point-of-Sale transactions will constitutes a simultaneous withdrawal from your Checking Account, even though the transaction might not be paid from your Checking Account until a later date.

Further, in paragraph 41 of the amended consolidated class action complaint, the Plaintiff noted that the Debit Card Agreement provides:

13

> Both your Checking Account and Savings Account are also subject to the Rules for Deposit Accounts, the corresponding Terms and Charges Disclosure and the EFT Facility Charges Statement given to you in connection with your accounts. If any of the provisions in those brochures are inconsistent with the information in this Agreement, this Agreement will govern.

In paragraph 43 of the amended consolidated class action complaint, the Plaintiff alleged that "according to the plain language of the Debit Card Agreements, debit charges are required to be posted immediately and therefore resolved in chronological order before an overdraft fee can be charged."

On March 5, 2014, the Court dismissed the breach of contract claims for failure to allege a breach of a specific term of the contract.

Upon further review, it is clear that the Court overlooked certain of the provisions of the Debit Card Agreements mentioned in the amended consolidated class action complaint. The gravamen of these actions is that HSBC re-orders its customers' debit card transactions from "largest to smallest," instead of debiting its customers' checking accounts for those transactions in the order they occurred. The Court finds that, if these allegations are true, the Plaintiffs could prevail on a breach of contract claim.

Tellingly, HSBC's opposition to the motions for reconsideration and motion for "amicus" relief make no mention of the Debit Card Agreement. Rather, HSBC argues that HSBC's conduct was fully authorized by the HSBC's Rules for Deposit Accounts, which states "the Bank generally pays the largest debit items drawn on a depositor's account first." However, as noted above, the Debit Card Agreement expressly supersedes any inconsistent provisions in HSBC's Rules for Deposit Accounts. Regardless, the Plaintiffs' breach of contract claims cannot be resolved as a matter of law at this stage of the litigation. Accordingly, the Court reinstates the Plaintiffs' breach of contract claims.

As a final matter, the Plaintiffs move under Fed. R. Civ. P. 59 to have the Court correct that part of the March 5, 2014 order identifying Hanes as a New York resident rather than a California resident. As this oversight was in the nature of a clerical error, the Plaintiffs should have sought relief under Fed. R. Civ. 60, which provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." However, there being no prejudice to HSBC, the Court exercises its discretion to treat the Plaintiff's request as one made pursuant to Fed. R. Civ. 60; grants that request; and clarifies that the amended consolidated class action complaint identifies Hanes as a California resident.

## II.   CONCLUSIONS

In sum, the Court grants the Plaintiffs' motion to strike to the extent the Levin Plaintiffs seek "reconsideration" of the March 5, 2014 order. However, the Court otherwise treats the Levin Plaintiffs' motion as one for leave to file an amicus brief, and grants that request.

The Court further finds that while the Levin action remains pending before this Court, the Levin Plaintiffs are not parties to these amended consolidated class actions. Therefore, the Clerk of the Court is directed to remove from the Levin docket, 12-cv-5696 docket, entries nos. 108, 110, 111, 112, 117, 118, 121, 122, 124, 126, 128, 130, 133, 134, 135, 136, 138, 139, 140, 141, 142, 144, 145, 146, 147, 148, 149, 150, and 152.

Finally, the Court finds that the Plaintiffs have satisfied the strict standard governing motions for reconsideration and reinstates Jura's Section 349 claim and the Plaintiffs' breach of contract claims.

**SO ORDERED.**
Dated: Central Islip, New York
April 21, 2014

                                                                 *Arthur D. Spattt*_____
                                                                    ARTHUR D. SPATT
                                                                   United States District Judge